Floyd Dewaine SCOTT,
Plaintiff-Appellant,

v.

J. PALMER; et al., Defendants-
Appellees.

No. 15-17113

United States Court of Appeals,
Ninth Circuit.

Submitted April 11, 2017 *

Filed April 24, 2017

Floyd Dewaine Scott, Pro Se

Arthur B. Mark, III, Esquire, Attorney,
AGCA-Office of the California Attorney
General, Sacramento, CA, for Defendants-
Appellees

Before: GOULD, CLIFTON, and
HURWITZ, Circuit Judges.

MEMORANDUM ***

California state prisoner Floyd Dewaine
Scott appeals pro se from the district
court's judgment following a jury verdict
in favor of defendants in Scott's 42 U.S.C.
§ 1983 action alleging Eighth Amendment
excessive force and failure-to-protect
claims. We have jurisdiction under 28
U.S.C. § 1291. We review for an abuse of
discretion the district court's conduct of
voir dire. *Paine v. City of Lompoc*, 160
F.3d 562, 564 (9th Cir. 1998). We affirm.

The district court did not abuse its dis-
cretion by declining to excuse Prospective
Juror No. 15 for cause after she confirmed
that she did not recognize defendant Riv-
era. *See Image Tech. Servs., Inc. v. East-
man Kodak Co.*, 125 F.3d 1195, 1219-20
(9th Cir. 1997) (a party "can only succeed
on a challenge for cause by showing that [a
juror] was actually biased").

The district court did not abuse its dis-
cretion by instructing the jury, after each
of Scott's objections during defense coun-
sel's argument, to rely on its recollection of
the evidence and that counsel's argument
was not evidence. *See Cooper v. Firestone
Tire & Rubber Co.*, 945 F.2d 1103, 1107
(9th Cir. 1991) ("The question is whether
counsel's misconduct so permeated the tri-
al as to lead to the conclusion the jury was
necessarily influenced by passion and prej-
udice in reaching its verdict."); *United
States v. Spillone*, 879 F.2d 514, 518 (9th
Cir. 1989) (setting forth standard of review
for district court's control of closing argu-
ments).

Scott failed to preserve his challenge to
the sufficiency of the evidence by not mov-
ing for a judgment as a matter of law prior
to the jury's verdict. *See Nitco Holding
Corp. v. Boujikian*, 491 F.3d 1086, 1089
(9th Cir. 2007) ("In order to preserve a
challenge to the sufficiency of the evidence
to support the verdict in a civil case, a
party must make two motions. First, a
party must file a pre-verdict motion pursu-
ant to Fed. R. Civ. P. 50(a). Second, a
party must file a post-verdict motion for
judgment as a matter of law...." (cita-
tions omitted)); *see also King v. Atiyeh*,
814 F.2d 565, 567 (9th Cir. 1987) (pro se

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

litigants are held to same procedural rules as litigants with counsel).

We reject as unsupported by the record Scott's other contentions regarding prejudicial errors during the trial.

We do not consider Scott's contention that the district court erred by failing to dismiss the entire jury pool after Prospective Juror No. 5 stated his opinion about inmates' rights. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[W]e will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.